IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STATIC CONTROL COMPONENTS, )
and STATIC CONTROL )
COMPONENTS EUROPE, INC., )
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　)
v. ) 1:06CV00154
　　　　　　　　　　　　　　　　　)
MITSUBISHI KAGAKU IMAGING )
CORPORATION and FUTURE )
GRAPHICS, LLC, )
　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )
_____)

MEMORANDUM ORDER

TILLEY, District Judge

This matter is currently before the Court on Defendant Future Graphics, LLC's ("Future Graphics") Motion to Dismiss [Doc. #33] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons below, the Motion to Dismiss is DENIED.

I.

This matter arises out of a dispute between Plaintiffs Static Control Components, Inc. ("SCC") and Static Control Components Europe, Inc. ("SCC UK") and Defendants Mitsubishi Kagaku Imaging Corporation ("MKIC") and Future Graphics regarding the production and supply of certain products used in the manufacture of aftermarket toner cartridges for laser printers. In particular, the

underlying dispute involves MKIC's termination of a supply agreement with SCC and MKIC's affiliation with Future Graphics. The Amended Complaint alleges two causes of action against Future Graphics: (1) that Future Graphics violated the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-153 and (2) that Future Graphics and MKIC conspired to violate the Trade Secrets Protection Act.

Initially, SCC sought injunctive relief from the Court and filed a Motion for a Temporary Restraining Order ("TRO"). As a resolution to that Motion, the parties entered into an Agreed Order. In pertinent part, the Agreed Order stated:

> Future Graphics represents that MKIC has not provided it with information or details concerning the specific test methods or with product number correlation data described above. MKIC represents that it has not provided this information to Future Graphics. Future Graphics shall not use information concerning such test methods if it comes to its attention other than through independent investigation, development, or reverse engineering.

[Doc. #32, ¶ 2]. Future Graphics asserts that SCC's agreement with this representation (via its inclusion in the Agreed Order) renders moot the Trade Secrets claims in the Amended Complaint asserted against Future Graphics. On the basis of mootness, Future Graphics filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

II.

In addition to the language cited by Future Graphics, the Agreed Order noted that the "parties have entered into this Agreed Order as an accommodation in order

2

to avoid the necessity of a hearing" on the TRO motion and specifically provided that the "Agreed Order shall be without prejudice to any rights, claims, or defenses of the parties in this litigation." [Doc. #32, ¶ 4]. To allow the representation in paragraph 2 of the Agreed Order to render the underlying litigation moot would render paragraph 4 of the Agreed Order meaningless. As SCC noted in its Response in Opposition to the Motion to Dismiss, "there is a key and important difference between agreeing that a representation is made and agreeing substantively with the contents of the representation made." [Doc. #37, at 4].

Despite Future Graphics' assertions to the contrary, at this stage in the litigation, there is a live controversy between Future Graphics and SCC regarding, among other things, whether MKIC in fact provided any information to Future Graphics in violation of the Trade Secrets Act. As such, Future Graphics' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED.

This the day of February 7, 2007.

                                                 /s/ N. Carlton Tilley, Jr.
                                                 United States District Judge